## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PETER QUIGLEY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-11131-PBS |
| | ) | |
| BAY STATE CRUCIBLE CO., | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | |
| BAY STATE CRUCIBLE CO., | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| QUIGLEY CRUCIBLE REFRACTORIES | ) | |
| & SPECIALTIES CO., INC., | ) | |
| Third Party Defendant. | ) | |
| | ) | |
| | ) | |

## ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, THIRD PARTY COMPLAINT, AND JURY DEMAND OF BAY STATE CRUCIBLE CO.

For its answer and affirmative defenses to the Complaint of Peter Quigley ("Plaintiff" or "Quigley") [Doc. No. 01] (the "Complaint"), Bay State Crucible Co., Inc. ("Defendant" or "Bay State") states as follows:

### Nature of Action

Bay State admits that the Complaint purports to be one for specific performance but denies that there was an agreement by Quigley to purchase, and by Bay State to sell, the assets of Bay State.

### Jurisdiction and Venue

1.      Upon information and belief, Bay State admits the allegations in paragraph 1.

1

2.      Bay State admits the allegation in the first sentence of paragraph 2.  As to the second sentence of paragraph 2, the allegation consists of Plaintiff's characterization of the law and/or is a legal conclusion and thus requires no answer.

3.      The allegations in paragraph 3 consist of Plaintiff's characterization of the law and/or are legal conclusions and thus require no answer.

4.      Bay State denies the allegations in paragraph 4.

5.      Bay State denies the allegations in paragraph 5.

6.      The allegations in paragraph 6 consist of Plaintiff's characterization of the law and/or are legal conclusions and thus require no answer.

7.      The allegations in paragraph 7 consist of Plaintiff's characterization of the law and/or are legal conclusions and thus require no answer.

8.      The allegations in paragraph 8 consist of Plaintiff's characterization of the law and/or are legal conclusions and thus require no answer.

## Facts

9.      Bay State is without information or knowledge sufficient to answer the allegations in paragraph 9 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. Bay State otherwise denies the allegations in paragraph 9.

10.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 10 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. Bay State otherwise denies the allegations in paragraph 10.

11.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 11 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. Bay State otherwise denies the allegations in paragraph 11.

12.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 12 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. Bay State otherwise denies the allegations in paragraph 12.

13.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 13 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. Bay State otherwise denies the allegations in paragraph 13.

14.     Bay State admits the allegations in paragraph 14.

15.     Bay State admits the allegations in paragraph 15.

16.     Bay State denies the allegations in paragraph 16.

17.     Bay State admits the allegations in paragraph 17.

18.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 18 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State.

19.     Bay State denies the allegations in paragraph 19.

20.     Bay State denies that Quigley Crucibles has purchased crucibles from Bay State

for decades. Bay State admits that Quigley Refractories (as defined in paragraph 11) has purchased crucibles from Bay State for decades.

21.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 21 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. Bay State otherwise denies the allegations in paragraph 21.

22.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 22 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. Bay State otherwise denies the allegations in paragraph 22.

23.     Bay State admits that Quigley called Susan Tripp several years ago regarding not having communicated with Brad Tripp. Bay State otherwise denies the allegations in paragraph 23.

24.     Bay State admits the allegations in paragraph 24.

25.     Bay State admits that Susan Tripp told Quigley that Brad Tripp was suffering from early-onset Alzheimer's disease. Bay State otherwise denies the allegations in paragraph 25.

26.     Bay State denies the allegations in paragraph 26.

27.     Bay State admits the allegations in paragraph 27.

28.     Bay State admits that Susan Tripp asked Quigley for help.  Bay State further admits that Quigley recommended that Bay State hire a general manager or be sold.  Bay State otherwise denies the remaining allegations in paragraph 28.

29.     Bay State denies the allegations in paragraph 29.

30.     Bay State denies the allegations in paragraph 30.

31.     Bay State admits the allegations in paragraph 31.

32.     Bay State admits that Quigley declined becoming a co-owner in Bay State.  Bay State is without information or knowledge sufficient to answer the remainder of allegations in paragraph 32.

33.     Bay State admits the allegations in paragraph 33.

34.     Bay State admits that Quigley provided Susan Tripp the names of two prospects, without their resumes or references. Bay State otherwise denies the allegations in paragraph 34.

35.     Bay State admits the allegations in paragraph 35.

36.     Bay State admits the allegations in paragraph 36.

37.     Bay State admits the allegations in paragraph 37.

38.     To the extent the allegations in paragraph 38 rely on the contents of a written document, the document speaks for itself.

39.     To the extent the allegations in paragraph 39 rely on the contents of a written document, the document speaks for itself.

40.     Upon information and belief, Bay State admits the allegations in paragraph 40.

41.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 40 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. Bay State otherwise denies the allegations in paragraph 40.

42.     Bay State is without information or knowledge sufficient to answer the

allegations in paragraph 42 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. Bay State otherwise denies the allegations in paragraph 42.

43.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 43 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 43 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 43.

44.     Bay State denies the allegations in paragraph 44.

45.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 45 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 45 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 45.

46.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 46 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 46 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 46.

47.     To the extent the allegations in paragraph 47 rely on the contents of a written document, the document speaks for itself.

48.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 48 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 48 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 48.

49.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 49 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 49 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 49.

50.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 50 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 50 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 50.

51.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 51 pertaining to any other person or entity other than Bay State and on

that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 51 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 51.

52.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 52 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 52 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 52.

53.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 53 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 53 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 53.

54.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 54 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 54 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 54.

55.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 55 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 55 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 55.

56.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 56 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 56 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 56.

57.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 57 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 57 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 57.

58.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 58 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 58 rely on the contents of a written

document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 58.

59.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 59 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. Bay State otherwise denies the allegations in paragraph 59.

60.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 60 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 60 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 60.

61.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 61 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 61 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 61.

62.     Bay State admits the allegations in paragraph 62.

63.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 63 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to

Bay State. Bay State otherwise denies the allegations in paragraph 63.

64.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 64 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 64 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 64.

65.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 65 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. Bay State otherwise denies the allegations in paragraph 65.

66.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 66 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. Bay State otherwise denies the allegations in paragraph 66.

67.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 67 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. Bay State otherwise denies the allegations in paragraph 67.

68.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 68 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to

Bay State. To the extent the allegations in paragraph 68 rely on the contents of a written

document, the document speaks for itself.  Bay State otherwise denies the allegations in

paragraph 68.

69.     Bay State is without information or knowledge sufficient to answer the

allegations in paragraph 69 pertaining to any other person or entity other than Bay State and on

that basis therefore neither admits nor denies the allegations that do not pertain specifically to

Bay State. To the extent the allegations in paragraph 69 rely on the contents of a written

document, the document speaks for itself.  Bay State otherwise denies the allegations in

paragraph 69.

70.     To the extent the allegations in paragraph 70 rely on the contents of a written

document, the document speaks for itself.

71.     To the extent the allegations in paragraph 71 rely on the contents of a written

document, the document speaks for itself.

72.     Bay State is without information or knowledge sufficient to answer the

allegations in paragraph 72 pertaining to any other person or entity other than Bay State and on

that basis therefore neither admits nor denies the allegations that do not pertain specifically to

Bay State. To the extent the allegations in paragraph 72 rely on the contents of a written

document, the document speaks for itself.  Bay State otherwise denies the allegations in

paragraph 72.

73.     Bay State is without information or knowledge sufficient to answer the

allegations in paragraph 73 pertaining to any other person or entity other than Bay State and on

that basis therefore neither admits nor denies the allegations that do not pertain specifically to

Bay State. To the extent the allegations in paragraph 73 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 73.

74.     To the extent the allegations in paragraph 74 rely on the contents of a written document, the document speaks for itself.

75.     To the extent the allegations in paragraph 75 rely on the contents of a written document, the document speaks for itself.

76.     To the extent the allegations in paragraph 76 rely on the contents of a written document, the document speaks for itself.

77.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 77 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 77 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 77.

78.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 78 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 78 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 78.

79.     Bay State is without information or knowledge sufficient to answer the

allegations in paragraph 79 pertaining to any other person or entity other than Bay State and on

that basis therefore neither admits nor denies the allegations that do not pertain specifically to

Bay State. To the extent the allegations in paragraph 79 rely on the contents of a written

document, the document speaks for itself.  Bay State otherwise denies the allegations in

paragraph 79.

80.     Bay State is without information or knowledge sufficient to answer the

allegations in paragraph 80 pertaining to any other person or entity other than Bay State and on

that basis therefore neither admits nor denies the allegations that do not pertain specifically to

Bay State. To the extent the allegations in paragraph 80 rely on the contents of a written

document, the document speaks for itself.  Bay State otherwise denies the allegations in

paragraph 80.

81.     To the extent the allegations in paragraph 81 rely on the contents of a written

document, the document speaks for itself.

82.     Bay State is without information or knowledge sufficient to answer the

allegations in paragraph 82 pertaining to any other person or entity other than Bay State and on

that basis therefore neither admits nor denies the allegations that do not pertain specifically to

Bay State. To the extent the allegations in paragraph 82 rely on the contents of a written

document, the document speaks for itself.  Bay State otherwise denies the allegations in

paragraph 82.

83.     Bay State is without information or knowledge sufficient to answer the

allegations in paragraph 83 pertaining to any other person or entity other than Bay State and on

that basis therefore neither admits nor denies the allegations that do not pertain specifically to

Bay State. To the extent the allegations in paragraph 83 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 83.

84.     Bay State admits the allegations in the first sentence of paragraph 84. To the extent the allegations in the second sentence of paragraph 84 rely on the contents of a written document, the document speaks for itself.

85.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 85 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 85 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 85.

86.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 86 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 86 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 86.

87.     To the extent the allegations in paragraph 87 rely on the contents of a written document, the document speaks for itself.

88.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 88 pertaining to any other person or entity other than Bay State and on

that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 88 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 88.

89.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 89 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 89 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 89.

90.     To the extent the allegations in paragraph 90 rely on the contents of a written document, the document speaks for itself.  Bay State denies the allegations in paragraph 90 in all other respects.

91.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 91 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 91 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 91.

92.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 92 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to

Bay State. To the extent the allegations in paragraph 92 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 92.

93.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 93 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 93 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 93.

94.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 94 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 94 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 94.

95.     To the extent the allegations in paragraph 95 rely on the contents of a written document, the document speaks for itself.  Bay State denies the allegations in paragraph 95 in all other respects.

96.     To the extent the allegations in paragraph 96 rely on the contents of a written document attached as Exhibit A to the Complaint, the document speaks for itself.

97.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 97 pertaining to any other person or entity other than Bay State and on

17

that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 97 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 97.

98.     Bay State denies the allegations in paragraph 98.

99.     Bay State denies the allegations in paragraph 99.

100.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 100 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 100 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 100.

101.     Bay State is without information or knowledge sufficient to answer the allegations in paragraph 101 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 101 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 101.

102.     Bay State denies the allegations in paragraph 102.

103.     To the extent the allegations in paragraph 103 rely on the contents of a written document, the document speaks for itself.

104.     Bay State denies the allegations in paragraph 104.

105.    To the extent the allegations in paragraph 105 rely on the contents of a written document, the document speaks for itself.

106.    To the extent the allegations in paragraph 106 rely on the contents of a written document, the document speaks for itself.

107.    Bay State denies the allegations in paragraph 107.

108.    Bay State denies the allegations in paragraph 108.

109.    To the extent the allegations in paragraph 109 rely on the contents of a written document, the document speaks for itself.  Bay State denies the allegations in paragraph 109 in all other respects.

110.    Bay State admits that Quigley visited the property on February 14, 2018.  Bay State denies the allegations in paragraph 110 in all other respects.

111.    Bay State is without information or knowledge sufficient to answer the allegations in paragraph 111 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 111 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 111.

112.    Bay State is without information or knowledge sufficient to answer the allegations in paragraph 112 and footnote 1 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 112 and footnote 1 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise

denies the allegations in paragraph 112 and footnote 1.

113.    Bay State denies the allegations in paragraph 113.

114.    Bay State is without information or knowledge sufficient to answer the allegations in paragraph 114 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 114 rely on the contents of a written document, the document speaks for itself.  Bay State otherwise denies the allegations in paragraph 114.

115.    To the extent the allegations in paragraph 115 rely on the contents of an audio recording, the recording speaks for itself.

116.    To the extent the allegations in paragraph 116 rely on the contents of an audio recording, the recording speaks for itself.  Bay State denies the allegations in paragraph 116 in all other respects.

117.    Bay State admits that Quigley threatened to pursue legal action if Susan Tripp did not sell Bay State to him.  To the extent the allegations in paragraph 117 rely on the contents of an audio recording, the recording speaks for itself.

118.    Bay State is without information or knowledge sufficient to answer the allegations in paragraph 118 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. Bay State otherwise denies the allegations in paragraph 118.

119.    Bay State is without information or knowledge sufficient to answer the allegations in paragraph 119 pertaining to any other person or entity other than Bay State and

on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. Bay State otherwise denies the allegations in paragraph 119.

120.    Bay State is without information or knowledge sufficient to answer the allegations in paragraph 120 pertaining to any other person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. Bay State otherwise denies the allegations in paragraph 120.

121.    Bay State admits that Quigley spoke to Susan Tripp but denies the remainder of the allegations in paragraph 121.

122.    Bay State denies the allegation in paragraph 122 to the extent that it claims the existence of an agreement. Bay State otherwise admits the allegations in paragraph 122.

123.    Bay State admits the allegations in paragraph 123. Bay State further admits that Quigley was aggressive and threatening on the telephone call with Susan Tripp, including telling her that "this (sale) will happen," that "there was no turning back," and that Quigley had a family member who was a lawyer in a big law firm in Boston.

124.    Bay State admits that Susan Tripp did not offer to reimburse Quigley for his expenses but otherwise denies the remainder of the allegations in paragraph 124.

125.    Bay State admits the allegations in paragraph 125.

126.    Bay State denies the allegations in paragraph 126.

127.    Bay State admits the allegations in paragraph 127.

128.    Bay State admits that Quigley has remained aggressive and threatening, but otherwise denies the allegations in paragraph 128.

129.    Bay State denies the allegations in paragraph 129.

*Count I*
*Breach of Contract*

130.     Bay State repeats and re-alleges its answers to the allegations in paragraphs 1 through 129 as if fully set forth herein.

131.     Paragraph 131 contains Plaintiff's characterization of the law and/or contains legal conclusions and thus requires no answer. Bay State is without information or knowledge sufficient to answer the allegations in paragraph 131 pertaining to any person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 131 rely on the contents of an audio recording or a written document, the respective recording or document speaks for itself.  To the extent that any allegation in paragraph 131 is an allegation of fact regarding Bay State and such allegation accuses Bay State of wrongdoing, Bay State denies such allegation.

132.     Paragraph 132 contains Plaintiff's characterization of the law and/or contains legal conclusions and thus requires no answer. Bay State is without information or knowledge sufficient to answer the allegations in paragraph 132 pertaining to any person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 132 rely on the contents of an audio recording or a written document, the respective recording or document speaks for itself.  To the extent that any allegation in paragraph 132 is an allegation of fact regarding Bay State and such allegation accuses Bay State of wrongdoing, Bay State denies such allegation.

133.     Paragraph 133 contains Plaintiff's characterization of the law and/or contains

legal conclusions and thus requires no answer. Bay State is without information or knowledge sufficient to answer the allegations in paragraph 133 pertaining to any person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 133 rely on the contents of an audio recording or a written document, the respective recording or document speaks for itself.  To the extent that any allegation in paragraph 133 is an allegation of fact regarding Bay State and such allegation accuses Bay State of wrongdoing, Bay State denies such allegation.

134.    Paragraph 134 contains Plaintiff's characterization of the law and/or contains legal conclusions and thus requires no answer. Bay State is without information or knowledge sufficient to answer the allegations in paragraph 134 pertaining to any person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 134 rely on the contents of an audio recording or a written document, the respective recording or document speaks for itself.  To the extent that any allegation in paragraph 134 is an allegation of fact regarding Bay State and such allegation accuses Bay State of wrongdoing, Bay State denies such allegation.

135.    Paragraph 135 contains Plaintiff's characterization of the law and/or contains legal conclusions and thus requires no answer. Bay State is without information or knowledge sufficient to answer the allegations in paragraph 135 pertaining to any person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 135 rely on the

contents of an audio recording or a written document, the respective recording or document speaks for itself.  To the extent that any allegation in paragraph 135 is an allegation of fact regarding Bay State and such allegation accuses Bay State of wrongdoing, Bay State denies such allegation.

136.     Paragraph 136 contains Plaintiff's characterization of the law and/or contains legal conclusions and thus requires no answer. Bay State is without information or knowledge sufficient to answer the allegations in paragraph 136 pertaining to any person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 136 rely on the contents of an audio recording or a written document, the respective recording or document speaks for itself.  To the extent that any allegation in paragraph 136 is an allegation of fact regarding Bay State and such allegation accuses Bay State of wrongdoing, Bay State denies such allegation.

137.     Paragraph 137 contains Plaintiff's characterization of the law and/or contains legal conclusions and thus requires no answer. Bay State is without information or knowledge sufficient to answer the allegations in paragraph 137 pertaining to any person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 137 rely on the contents of an audio recording or a written document, the respective recording or document speaks for itself.  To the extent that any allegation in paragraph 137 is an allegation of fact regarding Bay State and such allegation accuses Bay State of wrongdoing, Bay State denies such allegation.

138.    Paragraph 138 contains Plaintiff's characterization of the law and/or contains legal conclusions and thus requires no answer. Bay State is without information or knowledge sufficient to answer the allegations in paragraph 138 pertaining to any person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 138 rely on the contents of an audio recording or a written document, the respective recording or document speaks for itself.  To the extent that any allegation in paragraph 138 is an allegation of fact regarding Bay State and such allegation accuses Bay State of wrongdoing, Bay State denies such allegation.

139.    Paragraph 139 contains Plaintiff's characterization of the law and/or contains legal conclusions and thus requires no answer. Bay State is without information or knowledge sufficient to answer the allegations in paragraph 139 pertaining to any person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 139 rely on the contents of an audio recording or a written document, the respective recording or document speaks for itself.  To the extent that any allegation in paragraph 139 is an allegation of fact regarding Bay State and such allegation accuses Bay State of wrongdoing, Bay State denies such allegation.

140.    Paragraph 140 contains Plaintiff's characterization of the law and/or contains legal conclusions and thus requires no answer. Bay State is without information or knowledge sufficient to answer the allegations in paragraph 140 pertaining to any person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not

pertain specifically to Bay State. To the extent the allegations in paragraph 140 rely on the contents of an audio recording or a written document, the respective recording or document speaks for itself.  To the extent that any allegation in paragraph 140 is an allegation of fact regarding Bay State and such allegation accuses Bay State of wrongdoing, Bay State denies such allegation.

141.     Paragraph 141 contains Plaintiff's characterization of the law and/or contains legal conclusions and thus requires no answer. Bay State is without information or knowledge sufficient to answer the allegations in paragraph 141 pertaining to any person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 141 rely on the contents of an audio recording or a written document, the respective recording or document speaks for itself.  To the extent that any allegation in paragraph 141 is an allegation of fact regarding Bay State and such allegation accuses Bay State of wrongdoing, Bay State denies such allegation.

142.     Paragraph 142 contains Plaintiff's characterization of the law and/or contains legal conclusions and thus requires no answer. Bay State is without information or knowledge sufficient to answer the allegations in paragraph 142 pertaining to any person or entity other than Bay State and on that basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay State. To the extent the allegations in paragraph 142 rely on the contents of an audio recording or a written document, the respective recording or document speaks for itself.  To the extent that any allegation in paragraph 142 is an allegation of fact regarding Bay State and such allegation accuses Bay State of wrongdoing, Bay State denies such

allegation.

143.     Bay State is without information or knowledge sufficient to answer the

allegations in paragraph 143 pertaining to any person or entity other than Bay State and on that

basis therefore neither admits nor denies the allegations that do not pertain specifically to Bay

State. To the extent that any allegation in paragraph 143 is an allegation of fact regarding Bay

State and such allegation accuses Bay State of wrongdoing, Bay State denies such allegation.

144.     Bay State denies the allegations in paragraph 144.

145.     Paragraph 145 contains Plaintiff's characterization of the law and/or contains

legal conclusions and thus requires no answer. To the extent an answer is required, Bay State

denies the allegations in paragraph 145.

The remainder of the Complaint consists of Plaintiff's prayer for relief. Bay State denies

that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

As separate Affirmative Defenses to the Complaint, and without conceding that Bay

State bears the burden of proof or persuasion as to any of them, Bay State alleges as follows:

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims must be dismissed for lack of subject matter jurisdiction.

### Third Affirmative Defense

Plaintiff's claims fail because Bay State did not breach any contract.

*Fourth Affirmative Defense*

Plaintiff's claims are barred by the Statute of Frauds.

*Fifth Affirmative Defense*

Plaintiff is not entitled to relief because it failed to exercise due diligence.

*Sixth Affirmative Defense*

Plaintiff's claims are barred by the doctrine of waiver.

*Seventh Affirmative Defense*

Plaintiff's claims are barred by the doctrine of equitable estoppel.

*Eighth Affirmative Defense*

Plaintiff's claims are barred by the doctrine of unclean hands and/or *in pari delicto*.

*Ninth Affirmative Defense*

Plaintiff's claims are barred by the doctrine of laches.

*Tenth Affirmative Defense*

Plaintiff is not entitled to any relief because he lacks standing.

*Reservation of Rights and Defenses*

Bay State reserves the right to assert additional affirmative defenses upon discovery of further information.

**JURY DEMAND**

Bay State demands a trial by jury on all issues so triable.

WHEREFORE, Bay State Crucible Co. respectfully requests that this Court:

   a.   enter judgment for Bay State, and against Quigley and QCRSC, with respect
        to each count of the Counterclaim and Third Party Complaint, in an amount
        of damages to be determined at trial, with interest;

   b.   award treble damages to Bay State pursuant to General Laws c. 93A;

   c.   award Bay State its costs and attorneys' fees incurred in connection with this
        action; and

   d.   award such other relief as this Court deems just and appropriate.

**COUNTERCLAIM AGAINST PETER QUIGLEY AND THIRD-PARTY COMPLAINT AGAINST QUIGLEY CRUCIBLE REFRACTORIES & SPECIALTIES CO., INC.**

This Counterclaim and Third-Party Complaint is based on an admitted scheme by Peter Quigley and Quigley Crucible Refractories & Specialties Co., Inc. ("QCRSC") to "steal" the assets of Bay State Crucible Co. ("Bay State") by, *inter alia*, disparaging and injuring Bay State's business, and by taking advantage of and bullying Bay State's steward, Susan Tripp, into selling Bay State's assets to Quigley.

**Parties, Jurisdiction, and Venue**

1.      Counterclaim Plaintiff Bay State is a Massachusetts corporation with a principal place of business at 740 West Water Street in Taunton, Massachusetts.

2.      Upon information and belief, Counterclaim Defendant Peter Quigley is a citizen of Pennsylvania.

3.      Upon information and belief, Third-Party Defendant Quigley Crucible, Refractories & Specialties Co., Inc. ("QCRSC") is a Pennsylvania corporation located at 1 Schuylkill Parkway, Building A, Bridgeport, Pennsylvania, 19405.

4.      The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the counterclaim occurred in this district.

**Facts**

7.      Bay State has been in the business of manufacturing crucibles and related

products in Taunton, Massachusetts since 1907. Bay State sells its products to

distributors/resellers as well as directly to end-users.

8.      QCRSC is a reseller of Bay State's products.

9.      Upon information and belief, QCRSC does not produce anything; but, rather, is

in the business of buying products from manufacturers, marking them up, and reselling them to

end users for a profit.

10.     Bradford Tripp is the third generation owner of Bay State. Bradford Tripp began

working with his father at Bay State in approximately 1987. Upon the death of his father in 2001,

Bradford Tripp took over ownership and control of Bay State.

11.     Bradford Tripp successfully operated Bay State from 2001 until approximately

2013.

12.     Beginning in approximately 2013, Bradford Tripp began to manifest symptoms

of deteriorating health.

13.     As Bradford Tripp's health declined, operation and control of Bay State was

assumed by his wife, Susan Tripp.

14.     Bradford Tripp and Susan Tripp have been married since 1996. They have three

children together, the oldest having recently graduated from high school.

15.     In 2015, Bradford Tripp was diagnosed with early onset Alzheimer's disease, at

the age of 51.

16.     Shortly after Bradford Tripp's diagnosis in 2015, Quigley contacted Bay State to complain about a lack of communication from Bradford Tripp. Quigley's call was directed to Susan Tripp.

17.     Upon information and belief, Quigley is the principal of QCRSC.

18.     Quigley told Susan Tripp that Bradford Tripp had not communicated with him in a long time, which Quigley said was unusual. Quigley wanted to know what was going on.

19.     Quigley told Susan Tripp that she could trust him. Quigley assured Susan Tripp that he would keep any information shared in confidence.

20.     Based on Quigley's assurances, Susan Tripp confided in Quigley that Bradford Tripp was suffering from Alzheimer's disease and that he was no longer able to run Bay State.

21.     Susan Tripp confided in Quigley that she was now operating the business, but was in over her head. Before her husband became ill, Susan Tripp was an elementary school teacher.

22.     Susan Tripp asked Quigley for help.

23.     Quigley told Susan Tripp that he wanted to help her. Susan Tripp believed Quigley.

24.     In late 2016, Quigley expressed interest in buying Bay State. Susan Tripp asked a family friend, Jamie O'Brien, for assistance in negotiating a potential sale of Bay State.

25.     On April 21, 2017, Mr. O'Brien emailed Quigley a draft confidentiality agreement between Quigley and Bay State to facilitate further negotiations.

26.     On May 2, 2017, Quigley returned an executed, revised Confidentiality Agreement (the "Confidentiality Agreement"). Among other revisions, Quigley substituted

32

QCRSC for himself as a party to the Confidentiality Agreement and executed the Confidentiality Agreement in his capacity as "owner" and "duly authorized" agent.

27. On February 8, 2018, Quigley sent the email attached as Exhibit A to the Complaint to Mr. O'Brien.

28. In the email, Quigley notes that "Bay State's ability to 'produce profit' was reduced over $100,000/yr in 2017…."

29. Bay State's ability to "produce profit" was materially damaged by the actions of Quigley and QCRSC.

30. The email concludes: "This is my final offer. Please let me know if Susan is interested."

31. On February 9, 2018, Mr. O'Brien spoke with Quigley by phone. In response to Quigley's email of February 8, 2019, Mr. O'Brien told Quigley that Susan Trip "remained interested," or words to that effect.

32. Mr. O'Brien did not say that Susan Tripp "had accepted Mr. Quigley's offer," as alleged in paragraph 98 of the Complaint. That allegation is false.

33. On the contrary, Mr. O'Brien on more than one occasion told Quigley that he was acting only as a friend to Susan Tripp and that he, Mr. O'Brien, had no authority to take any action on behalf of Susan Tripp or on behalf of Bay State.

34. After Mr. O'Brien told Quigley that Susan Tripp remained interested, Quigley asked whether Susan Tripp was "going to change the price on me," or words to that effect, indicating his understanding that there was no contract.

35.     Bay State learned that Quigley had told certain customers of Bay State that Bay State's business was failing and that Bay State was "going under."

36.     Bay State learned that Quigley had told certain customers of Bay State that Bradford Tripp had Alzheimer's disease.

37.     Bay State learned that Quigley was bragging internally at QCRSC that he was going "to steal Bay State."

38.     On or about February 23, 2018, Susan Tripp cancelled negotiations with Quigley and QCRSC.

39.     On March 12, 2018, Quigley sent Susan Tripp a letter threatening to engage "a large firm" in Boston. Quigley said in the letter that "YOU NEED TO SELL THE COMPANY AND HELP IT RECOVER BEFORE THERE IS NOTHING LEFT TO SALVAGE."

40.     On May 30, 2018, Quigley filed this action, seeking to force Bay State to sell its assets to Quigley based on a false allegation that Mr. O'Brien indicated that Susan Tripp "had accepted Mr. Quigley's offer" of February 8, 2018.

41.     On July 10, 2018, Bay State demanded that QCRSC return Bay State's confidential information.

42.     On July 12, 2018, QCRSC refused to return Bay State's confidential information.

**Counts**

COUNT I
<u>Defamation v. Quigley and QCRSC</u>

43.     The foregoing paragraphs are incorporated herein by reference.

44.     Quigley and QCRSC made false statements of fact to others in the crucible industry.

34

45.     The false statements by Quigley and QCRSC were false and/or made with actual malice.

46.     The false statements by Quigley and QCRSC concerned Bay State's business interests, finances, the quality of Bay State's products, and the private health information of Bay State's principal, Bradford Tripp.

47.     As a result of Quigley's and QCRSC's false statements, Bay State has suffered, and continues to suffer, harm to its reputation and to its bottom line.

COUNT II
Violation of G.L. c. 93A v. Quigley and QCRSC

48.     The foregoing paragraphs are incorporated herein by reference.

49.     Bay State, Quigley, and QCRSC are each engaged in trade and commerce within the Commonwealth of Massachusetts.

50.     Quigley and QCRSC engaged in a knowing and willful scheme to "steal" Bay State's assets, which scheme included, without limitation: making false, misleading, and malicious statements about Bay State to others within the crucible industry, including Bay State's customers; disclosing private information concerning Bay State and/or Bradford Tripp to others in crucible industry, including Bay States customers; taking affirmative steps to dissuade other potential customers and suitors of Bay State; taking unfair advantage of Susan Tripp's admitted inexperience and difficult personal situation; and knowingly breaking promises to keep certain information confidential.

51.     As a result of the unfair and deceptive acts and practices Quigley and QCRSC, Bay State has suffered, and continues to suffer, financial harm within the Commonwealth of Massachusetts, including, without limitation, lost customers, lost orders, and lost opportunities.

## COUNT III
### Tortious Interference with Advantageous Relations v. Quigley and QCRSC

52.     The foregoing paragraphs are incorporated herein by reference.

53.     Quigley and QCRSC engaged in a knowing and willful scheme to "steal" Bay State's assets, which scheme included, without limitation: making false, misleading, and malicious statements about Bay State to others within the crucible industry, including Bay State's customers; disclosing private information concerning Bay State and/or Bradford Tripp to others in crucible industry, including Bay States customers; taking affirmative steps to dissuade other potential customers and suitors of Bay State; taking unfair advantage of Susan Tripp's admitted inexperience and difficult personal situation; and knowingly breaking promises to keep certain information confidential.

54.     Quigley and QCRSC engaged in this scheme for unlawful purpose of causing harm to Bay State's business.

55.     As a result of the conduct of Quigley and QCRSC, as aforesaid, Bay State has suffered, and continues to suffer, financial harm, including, without limitation, lost customers, lost orders, and lost opportunities.

## COUNT IV
### Breach of Contract v. Quigley and QCRSC

56.     The foregoing paragraphs are incorporated herein by reference.

57.     The Quigley and QCRSC, on one hand, and Bay State, on the other hand, entered into binding oral and written contracts concerning confidentiality, as aforesaid.

58.     Quigley and QCRSC materially breached those contracts.

59.     Bay State has suffered harm as a result of the breaches by Quigley and QCRSC.

COUNT V

Breach of the Implied Covenant of Good Faith and Fair Dealing v. Quigley and QCRSC

60.     The foregoing paragraphs are incorporated herein by reference.

61.     Quigley and QCRSC breached the covenant of good faith and fair dealing

implicit in their oral and written contracts concerning confidentiality, as aforesaid.

62.     Bay State has suffered harm as a result of the breaches by Quigley and QCRSC.

**JURY DEMAND**

Bay State demands a trial by jury on all issues so triable.

WHEREFORE, Bay State Crucible Co. requests that this Court:

    e.   enter judgment for Bay State, and against Quigley and QCRSC, with respect to each count of the Counterclaim and Third Party Complaint, in an amount of damages to be determined at trial, with interest;

    f.   award treble damages to Bay State pursuant to General Laws c. 93A;

    g.   award Bay State its costs and attorneys' fees incurred in connection with this action; and

    h.   award such other relief as this Court deems just and appropriate.


                BAY STATE CRUCIBLE CO.,

                By its attorneys,


                /s/ Matthew A. Kane
                Matthew A. Kane, BBO No. 666981
                Payal Salsburg, BBO No. 568812
                Laredo & Smith, LLP
                101 Federal Street, Suite 650
                Boston, MA 02110
                Tel: (617) 443-1100
                Fax: (617) 443-1174
Dated: August 3, 2018        kane@laredosmith.com
                salsburg@laredosmith.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document has been filed through the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filing and by first-class mail, postage prepaid, on August 3, 2018, to those identified as non-registered participants.

/s/ Matthew A. Kane
Matthew A. Kane

Dated: August 3, 2018

4811-9983-5757, v. 2